# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

JIMMY T. WRAY                                                                    PLAINTIFF

VS.                                                           CAUSE NO: 1:06CV150

LEGGETT & PLATT, INC.                                                            DEFENDANT
D/B/A HANES INDUSTRIES

## MEMORANDUM OPINION GRANTING SUMMARY JUDGMENT

This cause comes on Defendant's Motion for Summary Judgment. The Court finds that the Motion for Summary Judgment is well taken and should be GRANTED. Accordingly, the Court specifically finds as follows:

### *BACKGROUND*

Plaintiff Jimmy Wray worked for the Defendant, Hanes Industries, for approximately twenty-seven years, until his termination in 2005, when he was fifty-nine years old. Plaintiff performed numerous jobs at the plant and was appointed plant supervisor in 1982. In 1983, Plaintiff hired Jimmy Angle, then aged thirty-four, to assist him as a lead man in the slitting room. Eventually, Angle was promoted to Assistant Operations Manager, and Plaintiff concedes that Angle "did a good job" at that position. Angle was born in October 1949, and was fifty-five at the time Plaintiff was terminated. In 1993, Plaintiff's title changed to operations manager, which he held until his termination in 2005.

Edward Warren became the regional manager of the Hanes Industries about two years before Plaintiff was terminated. Warren observed the work performed by both Plaintiff and Angle and concluded that both employees were essentially performing the same job. Therefore, Warren decided to eliminate one of the positions and proceeded to weigh the Plaintiff and Angle's strengths and weaknesses. Warren concluded that Angle was to be retained because of

his people skills, computer skills, temperament, and effectiveness as a supervisor. Thus, Warren provided this recommendation to his supervisor, and thereafter, Plaintiff was informed that his job would be terminated. Angle was named Plant Manager, where he remains today.

A week after the termination, Plaintiff approached Warren about applying for an hourly position at the plant where he was previously manager. Warren stated he would have to discuss the matter with his supervisor. Warren recommended to his supervisor that "it is not a good idea to put salaried or supervisory types in an hourly position with the people that they supervised." Warren's supervisor, Samantha Howell, agreed with this stance and further stated "that whenever you have a manager in a company, to put them back into the workforce that they had managed is not productive." Resultantly, Warren informed Plaintiff that being put back into an hourly position was not an option.

Plaintiff contends he was not re-hired due to his age. As evidence of this alleged discrimination, Plaintiff avers that Steven Smith, a thirty-six year old, was promoted to Angle's old job. To the contrary, Defendant argues that Smith, an hourly employee, was merely cross-trained to "support/backup in case somebody is out sick or whatever."

Further, Plaintiff asserts that one employee, born in 1981, was hired on April 25, 2005. Also, two employees, both born in 1984, were hired in June and July of 2005. Lastly, Plaintiff argues two other employees, born in 1972 and 1978, were hired in August of 2005.

The Defendant moved for summary judgment asserting that Plaintiff cannot meet his burden of proof.

## *DISCUSSION*

To be entitled to summary judgment, a party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.

R. CIV. P. 56(c). The movant has the initial burden of proving that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Rule 56(c) compels the court to grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322, 106 S. Ct. 2548. Before finding that no genuine issue for trial exists, the Court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

Conclusional allegations, speculation, improbable inferences, and unsubstantiated assertions do not substitute for specific facts showing a genuine issue for trial. TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002); SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1997); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). "A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Sedgwick, 276 F.3d at 759.

*A. ADEA*

The Age Discrimination in Employment Act of 1967 ("ADEA") provides "it shall be unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's age." 29 U.S.C. § 623(a)(1). Specifically, the ADEA is intended to protect employees over forty years of age from discriminatory practices. Intentional discrimination can be proved through either direct or circumstantial evidence. Russell v. McKinney Hosp. Venture, 235 F.3d 219, 222 (5th Cir. 2000). If the record is devoid of direct evidence, the plaintiff must bring forth circumstantial evidence to carry his or her burden. Id. A

3

case that involves only circumstantial evidence is governed under the burden-shifting framework of <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973).

Applying the <u>McDonnell Douglas</u> framework, the plaintiff carries the initial burden of establishing a prima facie case of discrimination. <u>McDonnell</u>, 411 U.S. at 802, 93 S. Ct. 1817. Plaintiff must demonstrate that he or she (1) suffered an adverse employment action; (2) was qualified for the position; (3) was within the protected class at the time of the decision; and, (4) that the person selected was not within the protected class, or, that others similarly situated but not within the protected class were more favorably treated, or, that the plaintiff was otherwise discharged because of his age. <u>Rios v. Rossotti</u>, 252 F.3d 375, 378 (5th Cir. 2001); <u>Eaves v. K-Mart Corp.</u>, 193 F. Supp. 2d 887, 893 (S.D. Miss. 2001).

If the plaintiff establishes a prima facie case of discrimination, the defendant then has the opportunity to rebut the presumption of discrimination by proffering a legitimate, nondiscriminatory reason for the adverse employment action. <u>Reeves v. Sanderson Plumbing Prod., Inc.</u>, 530 U.S. 133, 142, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000). An employer can meet that burden by bringing forth admissible evidence of an explanation that would be legally sufficient to justify a judgment for the employer. <u>St. Mary's Honor Ctr. v. Hicks</u>, 509 U.S. 502, 507, 113 S. Ct. 2742, 125 L. Ed. 2d 407 (1993); <u>Rachid v. Jack In The Box</u>, 376 F.3d 305, 312 (5th Cir. 2004); <u>Bodenheimer v. PPG Indus. Inc.</u>, 5 F.3d 955, 957 (5th Cir. 1993). The burden on the Defendant is minimal and is not subject to a credibility determination. <u>Hicks</u>, 509 U.S. at 507, 509, 113 S. Ct. 2742; <u>Nichols v. Loral Vought Sys. Corp.</u>, 81 F.3d 38, 41 (5th Cir. 1996).

If the defendant meets that burden, the plaintiff must then offer sufficient evidence to create a genuine issue of material fact either (1) that the defendant's reason is not true, but is instead a pretext for discrimination; or (2) that the defendant's reason, while true, is only one of

the reasons for its conduct, and another motivating factor is the plaintiff's protected characteristic. Burrell v. Dr. Pepper/Seven Up Bottling Group, Inc., 482 F.3d 408, 412 (5th Cir. 2007); Rachid, 376 F.3d at 312. In sum, in considering whether the case is one of intentional discrimination, "a court should consider 'the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case.' " Crawford v. Formosa Plastics Corp., La., 234 F.3d 899, 902 (5th Cir. 2000) (quoting Reeves, 53 U.S. at 148-49, 120 S. Ct. 2097). Further, "the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." Reeves, 530 U.S. at 143, 120 S. Ct. 2097. The Supreme Court of the United States in Hicks stated that "[i]t is not enough, in other words, to *dis* believe the employer; the factfinder must *believe* the plaintiff's explanation of intentional discrimination." Hicks, 509 U.S. at 519, 113 S. Ct. 2742. While the Court recognizes that Hicks did not involve summary judgment, the Court finds that argument applicable to the motion for summary judgment in the case *sub judice*. Therefore, the Plaintiff must affirmatively make at least a minimal showing of discrimination to create a genuine issue of material facts in order to survive summary judgment. See Berquist v. Washington Mut. Bank, 500 F.3d 344, 356-57 (5th Cir. 2007); see Keelan v. Majesco Software, Inc., 407 F.3d 332, 345-46 (5th Cir. 2005).

*B. Plaintiff's Prima Facie Case*

At the outset, it is imperative to note that the complaint and the EEOC charge only allege that the discrimination conduct was Defendant's failure to re-hire the Plaintiff. Specifically, Plaintiff asserts he "could have well performed hourly work . . . There was no non-age-based reason Plaintiff could not perform hourly work. The reason given to the EEOC for the

5

Defendant's refusal to give Plaintiff an hourly position . . . is frivolous and is a cover for willful age discrimination."

Thus, Plaintiff's complaint clearly asserts discrimination for the failure to re-hire but does not include a violation stemming from his initial discharge. Resultantly, the Court opines that any argument pertaining to Plaintiff's termination, Jimmy Angle, or Steven Smith is beyond this Court's subject matter jurisdiction. Taylor v. Books-A-Million, Inc., 296 F.3d 376, 378-79 (5th Cir. 2002) (plaintiff must exhaust administrative remedies before pursuing claims in federal court); Randel v. U.S. Dept. of Navy, 157 F.3d 392, 395 (5th Cir. 1998) (if a Plaintiff fails to comply with administrative requirements, then the court is deprived of jurisdiction). Furthermore, any reduction in force argument is also irrelevant and beyond the Court's jurisdiction. Even assuming *arguendo* that the Plaintiff did actually plead the termination or reduction in force allegations as discrimination, the result, nonetheless, would be the same.

Applying the McDonnell Douglas analysis to the case *sub judice*, the Plaintiff has satisfied its initial burden. It is undisputed that he suffered an adverse employment action since failure to hire qualifies as such for the purposes of McDonnell Douglas. See Pegram v. Honeywell, Inc., 361 F.3d 272, 282 (5th Cir. 2004). Moreover, it is clear that Plaintiff falls into the protected group for the purposes of the ADEA since he is over forty years of age. Further, neither party disputes that he was not qualified for the position for which he was not hired. The fourth element is somewhat in dispute. The Defendant misapplies the Baker v. Am. Airlines, Inc., 430 F.3d 750, 753 (5th Cir. 2005), analysis to this case and argues that the Plaintiff failed the fourth element. However, this analysis is based upon the termination argument as stated *supra*. Therefore, the Court will use the Rios failure to hire analysis as stated above, which is comparable and more applicable to this case. In applying that analysis, the Court is of the

opinion that the fourth element is satisfied. Specifically, the Plaintiff has brought forth evidence that younger employees, all under the age of forty, were hired to available positions in the company. Thus, the persons selected were not within the protected class. The Plaintiff, therefore, has satisfied its initial burden.

*C. Defendant's Legitimate, Nondiscriminatory Response*

Since the Plaintiff has satisfied the initial burden, the Defendant must now articulate a legitimate, nondiscriminatory reason for not re-hiring the employee. At his deposition, Warren stated that the reason for not re-hiring the Plaintiff was that he, along with the company, did not believe it to be a good idea to re-hire a prior manager/supervisor into a position in which he would be working alongside those he previously supervised. Specifically, Warren asserts that the company did not feel it would be a good idea to have someone, who supervised people "both during good times, bad times, [and] write-ups" to now work equally with those employees. Further, Warren avers that "it doesn't fit well for a cohesive team." Howell, the vice president of human resources, stated that "whenever you have a manager in a company, to put them back into the workforce that they had managed is not productive, and we have never to my knowledge since I have been in HR allowed a manager to go back into the hourly ranks."

The Court is of the opinion that Defendant's reasons are legitimate and nondiscriminatory. "The ADEA was not intended to be a vehicle for judicial second-guessing of employment decisions, nor was it intended to transform the courts into personnel managers." Bodenheimer, 5 F.3d at 959 (quoting Bienkowski v. Am. Airlines, 851 F.2d 1503, 1507-08 (5th Cir. 1988)). The Court opines that the Defendant has proffered a legitimate, nondiscriminatory reason for its failure to re-hire and, thus, has satisfied its burden.

*D. Plaintiff's Burden of Showing Pretext*

Following the Defendant satisfying its burden, the burden now shifts back to the Plaintiff to *prove* that the reason is pretextual. Rachid, 376 F.3d at 312. Mere subjective assertions, without more, are not enough to grant plaintiff relief in a discrimination case. See Ray v. Tandem Computers, Inc., 63 F.3d 429, 434-35 (5th Cir. 1995) (holding that bald assertion alleging younger workers were preferred and older workers were forced out are inadequate to permit a finding that Defendant's reasons are pretextual); see Molnar v. Ebasco Constructors, Inc., 986 F.2d 115, 119 (5th Cir. 1993).

In examining the record as a whole, and taking the evidence in the light most favorable to the Plaintiff, the Court is of the opinion that the only circumstantial evidence that Plaintiff has brought forth that the Defendant's reason is pretextual is the assertion that Plaintiff had no previous conflicts with any other employees and had no problems taking directions from anyone.[1] The Plaintiff also avers that since younger employees were hired instead of the Plaintiff this creates a genuine issue of material fact.[2]

The Plaintiff has not offered any evidence of ageist comments made by the Defendant, any statistics of the company, nor any other relevant evidence which would create a genuine dispute of material fact. While the Court is aware that comments alone do not create a genuine dispute of material facts, the Court's diligent search has revealed that cases which survive summary judgment predominately contain additional evidence, e.g. mostly ageist comments. See

---

[1] The Court will not even consider the statement by the Plaintiff that Hanes had, in the past, moved supervisory employees into hourly positions. He claims that ten or fifteen years ago he heard some office in North Carolina had allowed such a move. This evidence is speculative and will not be considered by the Court.

[2] Plaintiff also articulates a reduction in force argument, which, as previously discussed, will not be considered by this Court for jurisdictional reasons. In addition, Plaintiff offers evidence that he was more qualified than the younger employees. However, the Defendant did not submit, in its reasons for not re-hiring, any argument articulating any qualification consideration. Even if the Court were to consider the qualification argument of the Plaintiff, the argument would fail. A plaintiff cannot rely on subjective speculation that he is more qualified than the younger workers. Moreover, seniority is not equated with superior qualifications. See Nichols, 81 F.3d at 41; see Bodenheimer, 5 F.3d at 959.

Keelan, 407 F.3d at 345-46 (stating that even if plaintiff would have established a prima facie case, the plaintiff's weak statistical evidence and weak evidence of comments did not even create a fact issue as to a pretext); see Rachid, 376 F.3d at 315 (holding that employer's comments and additional evidence created issues of material fact); see Bodenheimer, 5 F.3d at 959 (stating that a facially neutral comment and other legal conclusions did not amount to a genuine dispute of material fact); see Bienkowski, 851 F.2d 1503 (holding that the Plaintiff's evidence, predominately based on comments made by the defendant, was barely sufficient to survive summary judgment). In this case, the plaintiff has failed to proffer *any* such evidence. See Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 814 (5th Cir. 1991) (holding that plaintiff's bald assertions failed to prove defendant's reasons were pretextual). In sum, none of the above arguments proves that Defendant's reason was a pretext. They are merely subjective assertions which do not warrant a genuine dispute of material facts.

Plaintiff also states that the Court should employ a mixed-motive analysis. Relying on its prior analysis, the Court finds, for the same reasons there is insufficient evidence to survive motion for summary judgment on the pretext claim, there is also insufficient evidence to survive motion for summary judgment under a mixed-motive analysis. In sum, Plaintiff has failed to support his assertion that age was even a *part* of the reason for non-rehiring.

## *CONCLUSION*

While the Plaintiff has satisfied its initial burden, the Defendant has articulated a legitimate, nondiscriminatory reason for not re-hiring the Plaintiff, and the Plaintiff has failed to offer proof to create a genuine issue of material fact that the reason is not true or was a pretext for discrimination. Bald, subjective, or conclusory allegations will not create a genuine issue of material fact. Plaintiff has only proffered such aforementioned allegations and has failed to

9

bring forth any evidence that the Defendant's reason was a pretext.  Therefore, the Defendant's Motion for Summary Judgment is GRANTED, and the Clerk is ordered to CLOSE the case.

A separate order shall issue in accordance with this opinion.

**SO ORDERED**, this the 22nd day of April, 2008.

**/s/ Sharion Aycock**
**U.S. DISTRICT COURT JUDGE**
